F I L E D
CLERK, U.S. DISTRICT COURT

06/03/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>LARRY DEAN CUNNINGHAM,<br><br>          Defendant. | No.  8:26-cr-00077-MRA<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 841(a)(1),<br>(b)(1)(A)(ii), (b)(1)(B)(viii):<br>Possession with Intent to<br>Distribute Controlled Substances;<br>18 U.S.C. § 924(c)(1)(A)(i):<br>Possession of Firearms in<br>Furtherance of Drug Trafficking<br>Crimes; 18 U.S.C. § 922(g)(1):<br>Felon in Possession of Firearms<br>and Ammunition; 26 U.S.C.<br>§ 5861(d): Possession of<br>Unregistered Firearm Silencers; 18<br>U.S.C. § 924(d)(1), 21 U.S.C.<br>§ 853, 26 U.S.C. § 5872, 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)]

On or about October 17, 2024, in Orange County, within the Central District of California, defendant LARRY DEAN CUNNINGHAM knowingly and intentionally possessed with intent to distribute at

1

least five kilograms, that is, approximately six kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(B)(viii)]

On or about October 17, 2024, in Orange County, within the Central District of California, defendant LARRY DEAN CUNNINGHAM knowingly and intentionally possessed with intent to distribute at least 5 grams, that is, approximately 46 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about October 17, 2024, in Orange County, within the Central District of California, defendant LARRY DEAN CUNNINGHAM knowingly possessed the following firearms in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute Cocaine and Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii), (b)(1)(B)(viii), as charged in Counts One and Two of this Indictment:

1.   a Taurus, model G3c, 9mm Luger caliber semi-automatic pistol, bearing serial number ABG711219;

2.   a Springfield Armory, model 1911-A1, .45 Auto caliber semi-automatic pistol, bearing serial number WW102706; and

3.   a Ruger, model 5.7, 5.7x28mm caliber semi-automatic pistol, bearing serial number 641-65007.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about October 17, 2024, in Orange County, within the Central District of California, defendant LARRY DEAN CUNNINGHAM knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1.   a Taurus, model G3c, 9mm caliber semi-automatic pistol, bearing serial number ABG711219;

2.   63 rounds of Blazer 9mm Luger ammunition;

3.   an Industria de Material Belico do Brasil (IMBEL) Springfield Armory, model 1911-A1, .45 Auto caliber semi-automatic pistol, bearing serial number WW102706;

4.   14 rounds of Winchester .45 Auto ammunition;

5.   a Ruger, model 5-7, 5.7x28mm caliber semi-automatic pistol, bearing serial number 641-65007;

6.   21 rounds of Aguila .22 caliber Long Rifle rimfire ammunition; and

7.   38 rounds of Federal .223 caliber Remington ammunition.

Defendant CUNNINGHAM possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

//

//

//

5

1.    Carjacking, in violation of California Penal Code Section 215(A), in the Superior Court of the State of California, County of Los Angeles, case number SA016266, on or about June 14, 1994; and

2.    Second-Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Los Angeles, case number SA016266, on or about June 14, 1994.

COUNTS FIVE THROUGH SEVEN

[26 U.S.C. § 5861(d)]

On or about October 17, 2024, in Orange County, within the Central District of California, defendant LARRY DEAN CUNNINGHAM knowingly possessed the following firearms, each of which defendant CUNNINGHAM knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and each of which had not been registered to defendant CUNNINGHAM in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | DESCRIPTION |
|-------|-------------|
| FIVE | A firearm silencer approximately 6 inches in length and approximately 1 and 1/4 inches in diameter, bearing no markings and no serial number. |
| SIX | A firearm silencer approximately 6 inches in length and approximately 1 and 1/4 inches in diameter, bearing no markings and no serial number. |
| SEVEN | A firearm silencer approximately 6 inches in length and approximately 1 and 1/4 inches in diameter, bearing no markings and no serial number. |

7

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Five through Seven of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof:

(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

///

11

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____ /S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County Office

LISA J. LINDHORST
Assistant United States Attorney
Orange County Office

12